UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

                Plaintiff,

    v.                                                  CAUSE NO. 3:19-CV-370-DRL-MGG

M. SEVERE, *et al.*,

                Defendants.

OPINION AND ORDER

      Mr. Richard Dodd, a prisoner without a lawyer, filed a complaint regarding a lack of access to the courts via the law library at the Westville Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

      In his complaint, Mr. Dodd alleges generally that he was prevented from attending the law library during times in which he had deadlines pending. He also alleges that the law library does not contain adequate materials with which to conduct legal research. He has sued three prison officials—M. Severe the Warden, J. Hicks the Law Library Supervisor, and E. Vasquez the Policy Coordinator—for injunctive relief and monetary damages.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). "The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference." *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). This right "is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process." *Id.* Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id.* at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim. *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998). He must also show that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious [legal claim] has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis in original). "Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds).

Here, much of Mr. Dodd's complaint is focused on his lack of access to LexisNexis, an electronic legal research program. Mr. Dodd alleges that the LexisNexis program has been malfunctioning at the Westville Correctional Facility for over six months. He claims that "[o]nly the

2

clerks' computers and a few others" have a working LexisNexis program installed on them due to inadvertent deletions by fellow inmates, and those computers are available on a first-come, first-served basis. ECF 2 at 6. The computer that Mr. Dodd's legal files are saved on does not have a working version of the program, and his requests to have his legal files moved to a different computer have been ignored. He complains generally that the computers at Westville are not secure and that "[a]ny other offender can access [his] legal file, delete, modify, copy or sabotage [his] personal files." *Id.* at 9. Mr. Dodd believes that "[w]ithout the LexisNexis, [he] is without a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* at 11.

As an initial matter, the court notes that the Westville Correctional Facility is not required to provide inmates with computers or specific computer programs, so the mere fact that Mr. Dodd is unable to securely save his legal files on a computer or conduct his legal research using LexisNexis does not constitute a lack of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("'[T]he law] does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance."); *see also Davis v. Doyle*, No. 05-C-374-C, 2005 WL 2105756, at *6 (W.D. Wis. Aug. 29, 2005). Mr. Dodd does not allege that the prison requires him to use a computer system for his legal proceedings; in fact, he admits that the law library contains North Eastern Reporters, Supreme Court decisions, rules of court, and "other books." ECF 2 at 10. Although he claims they are not kept up to date, he does not allege any connection between the abstract inadequacies of these materials to any non-frivolous legal claim. He also admits that even during periods of lock up, he is able to "send a request slip for services to the law library." *Id.* at 7. Although he alleges it takes approximately one week to receive the requested materials and they are "rarely on point," he admits he is provided legal materials on loan. *Id.*[1] Thus, the question here is whether the

---

[1] Mr. Dodd does complain generally about using the law library in the restricted housing unit, noting that the keyboard is separated from the computer monitor by plexiglass and that it is "difficult to type" while handcuffed. ECF 2 at 13. He alleges that handcuffing him while in the law library in lock up is unjustified and

3

specific conditions encountered by Mr. Dodd hindered his efforts to pursue any non-frivolous legal claims and whether he was harmed as a result.

First, Mr. Dodd alleges he had planned to appeal the denial of his motion to correct an erroneous sentence.[2] He had a thirty-day deadline to do so, but he did not receive a pass to the law library from the supervisor until "at the end of the 30 days." ECF 2 at 7. According to Mr. Dodd, he had to use that law library visit to prepare a request for a continuance because he was not provided with the necessary time "required to prepare an appeal" and did not have access to case law to support his contentions. *Id.* Importantly, Mr. Dodd does not allege that he was prevented from filing his request for a continuance with the court, nor does he state the outcome of that request (*i.e.* whether it was granted or denied). Without additional information about the underlying proceedings such as the cause number, the result of the requested continuance, his reason for wishing to appeal, and what information he needed but could not obtain from the law library to file the intended appeal, this court cannot determine that Mr. Dodd has a colorable claim in this lawsuit.[3]

Similarly, Mr. Dodd alleges he is "being made to miss his only opportunity at the 1 chance review of his criminal case with habeas corpus." ECF 2 at 8. He states he is nearing the one-year limitations period (or that it has "only recently passed") but that "no research = no chance." *Id.* at 8–9. Mr. Dodd does not allege that he has been physically prevented from filing a habeas petition; rather, he alleges generally that he has not been able to perform electronic legal research regarding it. Again,

---

that "a normal 10-15 minute job takes at least an hour." *Id.* Mr. Dodd does not, however, link those conditions to any particular claim or plausibly suggest that he was injured by the fact that typing took him longer than usual.

[2] It is not clear when or where the referenced sentence was issued, as Mr. Dodd does not provide any identifying information regarding his criminal case.

[3] Several pages later in his complaint, Mr. Dodd states that he created a "motion for the court of appeals" on April 10, 2019, but that as of April 28, 2019, it had not been printed out and sent to him by the law library staff. However, it is unclear what motion he is referring to and to which case it pertains. ECF 2 at 13.

4

however, he is not entitled to conduct research using LexisNexis. And, without additional information about the underlying criminal case such as the cause number, the potential bases for habeas corpus review, and what legal materials and/or information he needs but cannot obtain, he has not stated a plausible claim.

Next, Mr. Dodd alleges that the failure to re-install the LexisNexis program on various computers in the law library kept him "ignorant to some technical requirements," so his federal lawsuit—*Dodd v. Wexford Medical, et al.*, 3:19-CV-880-PPS-MGG, filed October 29, 2018—was dismissed. ECF 2 at 8. However, a review of that docket indicates the complaint was dismissed without prejudice due to the fact that Mr. Dodd admitted he filed the lawsuit before exhausting his available administrative remedies because he wanted to get to court sooner rather than later. *See Dodd v. Wexford Medical, et al.*, 3:19-CV-880-PPS-MGG, at ECF 1, 3, 7. Mr. Dodd has since filed another lawsuit (which remains pending) regarding these same issues. *See Dodd v. Wexford Medical, Inc., et al.*, 3:19-CV-299-PPS-MGG, filed April 10, 2019. As such, Mr. Dodd was not denied meaningful access to the courts or harmed by the Defendants in his efforts to pursue this claim.

Mr. Dodd further alleges he was prevented from "engaging in adequate discovery which resulted in a lower than expected award, because [he] missed the deadline for filing subpoena duces tecum" in a separate case filed in the Southern District of Indiana. ECF 2 at 8 (citing *Dodd v. Zatecky*, et al., 1:17-CV-03955-TWP-DML, filed Oct. 27, 2017). The docket in that case indicates Mr. Dodd filed a motion for extension of time to extend the discovery deadline on November 28, 2018 to file subpoenas and depose the defendants. *See Dodd v. Zatecky*, et al., 1:17-CV-03955-TWP-DML, at ECF 37. However, the district court judge did not rule on the merits of that motion; instead, it was denied as moot on March 21, 2019, when the parties resolved the case by way of a settlement agreement. *See id.* at ECF 47, 56, 57. Mr. Dodd's voluntary choice to forego potential additional discovery and settle the case cannot serve as the basis for a denial of access to the courts claim.

Mr. Dodd alleges that he is being prevented from bringing a retaliation claim against prison officials for removing him from his prison job. He mentions that he was hired to work in the law library when he first arrived at Westville in 2017, but he claims that he was "administratively removed" from this job soon after because Westville has a policy or custom of "removing knowledgeable people from the law library." ECF 2 at 12. These allegations do not state a plausible First Amendment retaliation claim,[4] and it is unclear why Mr. Dodd believes he is unable to file a retaliation claim (and who or what is preventing him from doing so). Mr. Dodd is undoubtedly able to file documents and motions with the court. Since this case's inception, he has consistently litigated in *Dodd v. Wexford Medical, Inc., et al.*, 3:19-CV-299-PPS-MGG, and he has recently filed a motion for preliminary injunctive relief here. *See* ECF 7. Thus, Mr. Dodd has not plausibly alleged that the Defendants' acts or the conditions of his confinement have hindered his efforts to pursue this claim.

To the extent Mr. Dodd alleges the Defendants maintain policies, practices, or customs that result in inadequate law library access, he cannot proceed because he has not plausibly alleged that his right to access the courts has been impinged. *See e.g. Savory*, 469 F.3d at 670 (to state a claim, a plaintiff must allege that the defendants deprived him of a federal constitutional right).[5] Likewise, Mr. Dodd cannot proceed on a claim against any of the named Defendants based on a failure to properly train

---

[4] "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation marks and citations omitted).

[5] Furthermore, such claims would amount to a suit against the Defendants in their official capacities, and he cannot sue these Defendants in their official capacities for money damages because "a suit against a[n] official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments for money damages in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

or supervise the law library staff, because he has not alleged an underlying constitutional violation caused by the alleged failure to train or supervise. *Id.*

In addition, the failure to train claims fail because "in the Eighth Amendment context, such claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994)). The Defendants aren't municipalities in either their individual or official capacities. Moreover, to the extent Mr. Dodd is alleging that the Defendants did not properly supervise the law library staff, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these Defendants cannot be held liable simply because they employed or supervised them. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

While the current complaint does not state a claim, Mr. Dodd will be afforded an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should carefully address the deficiencies pointed out in this order. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

Finally, Mr. Dodd has filed a motion for preliminary injunctive relief. ECF 7. In it, he requests that his file named "912869 Dodd File Transfer to Westville," which was allegedly deleted or moved on October 31, 2019, be restored to the computer it was originally saved on. Mr. Dodd asks the court to issue a restraining order against J. Hicks and Ms. Torres,[6] the law library supervisors, to prevent them from deleting his files in the future.

---

[6] Ms. Torres is not named as a defendant in this action. As such, injunctive relief is not available against her. *See Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013) (injunctions can only be entered against litigants).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (internal citations and omitted).

Here, Mr. Dodd has not plausibly alleged that he will suffer irreparable harm before the final resolution of his claims. According to Mr. Dodd, the files "can be restored," and he does not allege that he will be harmed if the restoration is not performed immediately; rather, Mr. Dodd simply complains that he will "have no choice but to hand-write all future filings." ECF 7 at 2. However, having to handwrite legal materials does not constitute an irreparable injury, as there is no requirement that they be typed to begin with. *See, e.g., Long v. Hammer*, 727 Fed. Appx. 215, 216 (7th Cir. 2018) (plaintiff was not denied access to the courts "because he still could handwrite and send the letters").

Moreover, Mr. Dodd has no chance of success on the merits because he has not alleged sufficient facts to state a claim. In his motion for preliminary injunctive relief, Mr. Dodd generally references 22 years of work product, an appellate brief, an amended complaint for this case, and two separate complaints that have allegedly been deleted or moved. However, he does not provide details with regard to those filings that would enable the court to conclude that he is being prevented from pursing any non-frivolous legal claims or that he is suffering injury as a result. *See Lewis*, 518 U.S. at 351; *Nance*, 147 F.3d at 591; *see also Hossman v. Spradlin*, 812 F.2d 1019, 1022 (7th Cir. 1987) ("The mere assertion by appellant . . . that legal papers, transcripts and law books were intentionally kept from

8

him fails, without more, to demonstrate a constitutionally significant deprivation of meaningful access to the courts.").[7]

For these reasons, the court:

(1) DENIES the motion for preliminary injunctive relief (ECF 7);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) and send it to Mr. Richard Dodd;

(3) GRANTS Mr. Richard Dodd until **January 20, 2020** to file an amended complaint on that form; and

(4) CAUTIONS Mr. Richard Dodd that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

December 23, 2019                               *s/ Damon R. Leichty*
                                                Judge, United States District Court

---

[7] Mr. Dodd's motion also "seek[s] permission to file a retaliation complaint against members of the law library and administrative members responsible for acting against [him] for exercising his constitutional rights." ECF 7 at 2. He does not need this court's permission to file a separate complaint.