UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD DODD, <br><br> Plaintiff, <br><br> v. <br><br> J. HICKS *et al.*, <br><br> Defendants. | CAUSE NO. 3:19-CV-370 DRL-MGG |

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, filed an amended complaint. ECF 9. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his amended complaint, Mr. Dodd asserts many of the same facts he alleged in his original complaint. He generally alleges that, after he was placed in segregation, he was denied access to the courts because he was prevented from attending the law library during times he had deadlines pending for court filings, which prevented him from effectively prosecuting his federal and state cases. ECF 9 at 5-6. Mr. Dodd states that, when he was able to gain access to the law library, there were a number of conditions that impeded his ability to prepare his court filings. *Id.* at 6. First, he states he had to type

on a keyboard while handcuffed with his wrists facing each other. *Id*. Mr. Dodd next asserts he was forced to navigate on a computer without a mouse or any instructions on how to do so. *Id*. Last, he states he was prevented from conducting any research because LexisNexis was not available on his computer and the Indiana Department of Correction had stopped ordering legal books and research materials more than a decade ago. *Id*.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)).

To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted, *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). "[W]hen a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice

to state a claim, such as by alleging that he missed court deadlines, failed to make timely filings, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003) (overruled on other grounds). Accordingly, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

As an initial matter, the court notes that the Westville Correctional Facility is not required to provide inmates with computers or specific computer programs, so the mere fact that Mr. Dodd is unable to conduct his legal research using LexisNexis does not constitute a lack of access to the courts. *Lehn v. Holmes*, 364 F.3d 862, 868 (7th Cir. 2004) ("[The law] does not require any specific resources such as a law library or a laptop with a CD–ROM drive or a particular type of assistance."); *see also Davis v. Doyle*, No. 05-C-374-C, 2005 WL 2105756, 6 (W.D. Wis. Aug. 29, 2005). Mr. Dodd does not allege that the prison requires him to use a computer system for his legal proceedings; in fact, he admits that the law library contains North Eastern Reporters, Supreme Court decisions, rules of court, and "other legal books." ECF 9 at 6-7. Although he claims they are not kept up to date, he does not allege any connection between the abstract inadequacies of these materials to any non-frivolous legal claim. Furthermore, with respect to Mr. Dodd's allegations that handcuffing him while he is in the law library is unjustified and it takes more time for him to get his work done, he has not linked those conditions to any

3

particular claim or plausibly suggested that he was injured by the fact that typing took him longer than usual.

In addition to his general allegations of being denied access to the courts, Mr. Dodd has sued Law Library Supervisors Ms. Torres and John Hicks because they allegedly violated his First Amendment right to access the courts. With respect to Ms. Torres, he states she engaged in acts, omissions, and conditions that hindered or prevented him from pursuing his meritorious legal claims. ECF 9 at 8. Specifically, he states that Ms. Torres's conduct prejudiced him when she caused him a month's delay in filing his appeal paperwork in his state criminal case, *Dodd v. State of Indiana*, Cause Number 18A-CR-3126, and that delay was the reason his case was dismissed. *Id*. at 8-9. He asserts that, though he had prepared the notice of appeal before being placed in segregation, he had not completed the *in forma pauperis* motion that was located in his legal file on a computer in the law library. *Id*. at 9. Because Ms. Torres never made Mr. Dodd's file available to him while he was in segregation, he had to draft a new *in forma pauperis* motion, which he completed on April 10, 2019. *Id*. at 7, 9. However, he did not receive the printed motion from Ms. Torres until May 13, 2019. *Id*. Mr. Dodd states that, though his appeal was dismissed because of the late submission of his *in forma pauperis* motion, he was later given permission to proceed with his appeal. *Id*. at 7 n. 6. Because Mr. Dodd was not actually harmed or injured by Ms. Torres's delay in providing him with the printed motion, he may not proceed on this claim. *Lewis*, 518 U.S. at 351.

Mr. Dodd next asserts that Ms. Torres was responsible for deleting his entire legal file from the law library computer. ECF 9 at 8-9. He states she deleted his legal file after

4

he filed his initial complaint in this case. *Id*. Mr. Dodd explains that the importance of the materials in his legal file cannot be overstated because it contained information related to his future criminal filings and had all the sources of information on everything he has filed during his 22 years of incarceration. *Id*. at 8. In particular, he claims the file contained a habeas corpus petition that had a "great deal of potential" and information about his federal and cases that cannot be recreated. *Id*. at 10.

"To prevail on his First Amendment retaliation claim, [Dodd] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Giving Mr. Dodd the inferences to which he is entitled at this stage, he states a plausible First Amendment retaliation claim against Ms. Torres.

Mr. Dodd has also sued Law Library Supervisor John Hicks. He claims Mr. Hicks destroyed his work in several of his cases, which prevented him from pursuing meritorious legal claims. ECF 9 at 11, 13. In one case he intended to file, Mr. Dodd states Mr. Hicks not only deleted his complaint, but also the video evidence supporting his claim. *Id*. at 13. He asserts that Mr. Hicks was also responsible for maintaining the LexisNexis program, but that program was not working from June to July 2018, and it was not fixed until June 2019. *Id*. at 11. Because Mr. Hicks did not fix the LexisNexis program and because he destroyed some of his legal materials, Mr. Dodd asserts that it was impossible for him to research, develop, and present arguments to the courts for his

5

three federal cases and his state criminal appeal. *Id*. at 12, 14-15. However, because Mr. Dodd has not articulated how being denied access to LexisNexis or the destruction of some of his legal materials were prejudicial to his pursuit of potentially meritorious legal claims, his right of access to courts was not infringed here. *Marshall*, 445 F.3d at 968. He has also not shown that Mr. Hicks refused to fix the LexisNexis program or destroyed his legal materials in retaliation for filing lawsuits. Therefore, Mr. Dodd may not proceed against Mr. Hicks.

Furthermore, Mr. Dodd has sued Grievance Officer John Harvil. Here, he asserts Mr. Harvil blocked his efforts to access the courts and file lawsuits because he prevented him from exhausting his claims. ECF 9 at 16-18. However, Mr. Dodd has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Accordingly, Mr. Dodd cannot proceed against Mr. Harvil.

For these reasons, the court:

(1) GRANTS Richard Dodd leave to proceed against Ms. Torres in her individual capacity for compensatory and punitive damages for retaliating against him when she deleted his legal file from the law library computer in violation of the First Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES John Hicks and John Harvil;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Ms. Torres at the Indiana Department

6

of Correction, with a copy of this order and the amended complaint (ECF 9), under 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant if she does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. Torres to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

October 12, 2021

*s/ Damon R. Leichty*
Judge, United States District Court